UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


George Blaisdell

   v.                                        Civil No. 12-cv-28-JL

Strafford County et al.[1]


**REPORT AND RECOMMENDATION**

Before the court is a complaint (doc. no. 1) filed by George Blaisdell, who is proceeding pro se and in forma pauperis. The matter is before the court for preliminary review to determine, among other things, whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). For reasons explained herein, the court recommends that the complaint be dismissed.

**Standard for Preliminary Review**

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). The magistrate judge may direct

---

[1] In addition to Strafford County, Blaisdell has named Raymond Bower, Superintendent of the Strafford County Department of Corrections, and the Strafford County Commissioners as defendants.

service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

## Background

Blaisdell asserts in the complaint (doc. no. 1) that in December 2008, he was sentenced to sixty days in jail. The sentencing order, which is not part of the record in this case, included a term precluding Blaisdell from having any "good time

credits" that would shorten the length of the sentence. Blaisdell asserts that the sentencing order placed the Strafford County House of Corrections ("SCHC") Superintendent in a "Catch-22" because he could not comply with a state law authorizing him to grant good time credits without violating the sentencing order.  Blaisdell further alleges that the county attorney, on behalf of the superintendent, filed a motion to amend the sentencing order to allow for good time credits.  Blaisdell asserts that he never received "proper" good time credits, but that he was released "a few days prior to his full sixty day sentence," after the sentencing judge issued an order on the county attorney's motion, clarifying that the "county attorney and county jail superintendent could do as they pleased in the pending case involving Blaisdell."  Blaisdell further asserts that the unnamed sentencing judge acted with malice in issuing orders that caused him to be held in jail without access to good time credits.

Upon reviewing the complaint (doc. no. 1), the court finds that Blaisdell, seeking damages, has asserted federal claims invoking this court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, along with supplemental claims arising under

state law, concerning his allegedly wrongful incarceration, as follows:

> 1.   The sentencing judge violated Blaisdell's right to due process under the Fourteenth Amendment and Fourth Amendment right not to be falsely imprisoned by depriving Blaisdell of good time credit on his sentence.[2]
>
> 2.   The SCHC superintendent violated Blaisdell's Fourteenth Amendment right to due process, and Fourth Amendment right not to be falsely imprisoned, by failing to grant him good time credits on his sentence, or otherwise release him when he was eligible for good time under state law.
>
> 3.   Defendants are liable to Blaisdell for false imprisonment and other torts under state law, and for violations of his state constitutional rights.

**Discussion**

I.   Judicial Immunity

"Judges are entitled to absolute immunity from lawsuits even where they are accused of deciding the case due to improper motives." Guzmán-Rivera v. Lucena-Zabala, 642 F.3d 92, 96 (1st Cir. 2011) (citing Butz v. Economou, 438 U.S. 478, 508-09 (1978)). "There are only two circumstances where absolute immunity may be inappropriate:  1) functions which are not normally performed by a judge and which are outside his or her

---

[2] Although Blaisdell did not specifically name any judge as a defendant in the caption of his complaint, the court construes the complaint as intending to state claims against the unnamed sentencing judge.

judicial capacity; or 2) judicial actions taken in the clear absence of all jurisdiction." Murphy v. Maine, 453 F. Supp. 2d 171, 173 (D. Me. 2006) (internal quotations and citations omitted).  If a judge of a criminal court, invested with subject matter jurisdiction over the criminal case, "'should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge'" even if the greater punishment would exceed the court's jurisdiction to grant.  Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting Bradley v. Fisher, 80 U.S. 335, 352 (1871)).

   Nothing in the complaint can be understood as alleging that the judge acted outside of his or her judicial capacity or in the "clear absence of all jurisdiction" over the case.  Murphy, 453 F. Supp. 2d at 173.  Sentencing a convicted defendant and issuing orders relating to pending motions are functions normally performed by a judge within his or her judicial capacity, and the sentencing court has subject matter jurisdiction over such matters.  Accordingly, the judge who sentenced Blaisdell cannot be said to have acted in the "clear absence of all jurisdiction," and is entitled to absolute immunity.  Id.; accord Moore v. Cotton, 94 N.H. 387, 388, 54

5

A.2d 167, 168 (1947) ("courts and judges including justices of the peace are not liable in civil actions for their judicial acts within the scope of their jurisdiction"). Therefore, the state law and federal claims asserted against the judge should be dismissed.

II. <u>Claims against Superintendent and County Defendants</u>

    A. <u>Due Process</u>

The Fourteenth Amendment prohibits the deprivation of a liberty or property interest without due process of law. <u>See</u> U.S. Const. amend. XIV. Due process requirements apply only where life, liberty, or property interests are at stake. <u>See</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569 (1972) (procedural due process requirements apply only to deprivations of liberty or property); <u>Harron v. Town of Franklin</u>, 660 F.3d 531, 536 (1st Cir. 2011) (substantive due process claims challenging constitutionality of certain executive acts must be predicated on deprivation of protected interest).

Blaisdell has asserted that the SCHC Superintendent violated his right to due process by failing to grant him good time credits. County jail inmates, with certain exceptions not applicable here, may be granted "good time" in the discretion of the facility superintendent, allowing them to be released after

serving two-thirds of the sentence imposed.  See N.H. Rev. Stat. Ann. § 651:18, II.

> Any prisoner whose conduct while in the custody of the superintendent of a county correctional facility has been meritorious may be issued a permit and discharged by the superintendent of the county department of corrections when he has served 2/3 of his minimum sentence, provided it shall appear to the superintendent to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen.

Id.; see also State v. Edson, 153 N.H. 45, 48, 889 A.2d 420, 424 (2005) ("The provisions for good time . . . subtract time from a house of correction sentence." (emphasis in original)).  The statute does not entitle an inmate to, or create a liberty interest in, good time.  Instead, the grant of good time is left to the discretion of the superintendent.  Blaisdell does not have a liberty or property interest in receiving good time, and thus cannot assert a due process claim against the superintendent for the denial of a good time deduction from his 60-day sentence.  Accordingly, the claim asserting a due process violation based on the SCHC Superintendent's failure to grant him good time should be dismissed.

    B.   False Imprisonment

Blaisdell has asserted that he was falsely imprisoned, insofar as he was held pursuant to an invalid sentencing order

7

that denied him access to good time. Blaisdell's federal cause of action for this claim is 42 U.S.C. § 1983, which provides a private right of action for an individual alleging that a state actor has violated the person's federal rights. See Rehburg v. Paulk, 132 S. Ct. 1497, 1501 (2012).

Federal law bars a plaintiff from maintaining a § 1983 claim, relating to prior state criminal proceedings, where a favorable judgment on that claim would necessarily imply that a state criminal conviction or sentence was invalid, unless the conviction or sentence has previously been voided through other official action. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (constitutional tort claim must be dismissed if judgment would necessarily state or imply that underlying convictions or sentences are invalid). Here, Blaisdell has not pleaded any facts suggesting that his underlying conviction or sentence has been invalidated. Insofar as Blaisdell's § 1983 false imprisonment claim would necessarily require this court to find that his 60-day sentence was invalid, see id. at 486 & n.6, it is not cognizable under § 1983, and it should be dismissed.

C.  State Law Claims

Blaisdell's remaining claims against the superintendent, the county, and the county commissioners assert state law torts

and deprivations of state constitutional rights.  This court's jurisdiction over such claims arises under 28 U.S.C. § 1367, which allows federal courts to exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the plaintiff's federal claims.  Because Blaisdell has failed to state an actionable federal claim, this court should decline to exercise supplemental jurisdiction over Blaisdell's state law claims.  See 28 U.S.C. § 1367(c)(3).  The state law claims should be dismissed without prejudice to Blaisdell's pursuing those claims against the superintendent, the county, and the county commissioners in state court.

## Conclusion

For the foregoing reasons, all of the claims in the complaint (doc. no. 1) should be dismissed.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues

fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 7, 2012

cc: George Blaisdell, pro se

LBM:jkc